## SYNDICS OF MENARD vs. PIERCE & AL.

Appeal from the court of probates.

Porter, J. delivered the opinion of the court. This cause has been already before this court, and a *decision was given which reversed that* of the court of probates, on the ground that one of the parties wanted the capacity of standing in judgment. See *Vol.* 1, 62.

The case has now again returned here. The facts are fully given in the former opinion rendered, and it is unnecessary to repeat them, indeed a minute statement of them all would only serve to obscure those on which the cause really turns.

The power of courts to enjoin their own writs, does not depend on the species of property 'on which the writ is levied.

Proceedings in another court than that where the *concurso* is pending by a party to the *concurso*, are illegal and void.

East'n District
*Feb.* 1825.

Syndics of
Menard
*vs.*
Pierce & al.

The proceedings originally commenced in the court of probates in relation to the estate of one Alsop, for which Rust had been appointed curator. Having failed to comply with the duties imposed on him by law, Menard, who was his surety, applied to the court, settled the estate, paid its debts, and obtained judgment against the curator for $2040 90, with a subrogation of all the rights of the estate upon the latter.

Before Menard could carry the judgment into effect, Rust failed, and obtained a stay of proceedings. Notwithstanding which Menard persisted in issuing execution against him. In virtue of one of these executions, certain obligations were seized and advertised for sale. The appellees on ascertaining this fact, applied to the court out of which the execution had issued, namely, the court of probates, and obtained an injunction against the sale of the obligation seized; on the ground that it had been regularly assigned and transferred to them previous to the failure of Rust.

Before any examination could be had in regard to the validity of this pretension, the execution on which the obligations were seized was set aside on a rule taken by John Rust, the

East'n, District.
*Feb.* 1825.

SYNDICS OF
MENARD
*vs.*
PIERCE & AL.

insolvent; from this decision Menard appealed to this court, which reversed it, on the ground that Rust had not the legal capacity to appear in court, and that consequently he could not originate any proceedings on which a valid judgment could be pronounced.

As soon as Menard's syndics returned with this judgment to the probate court, they proceeded under another execution to seize and sell the obligation, in respect to which they had been previously enjoined.

The appellees applied to the court of probates to punish the appellants for a contempt of its authority. The court on hearing this motion, declined inflicting any punishment on the parties, but expressed an opinion that the whole proceedings of the latter had been irregular; declared the execution void in " both its application and effects," and directed that the rights of the plaintiffs in injunction, should be tried on the merits.

This trial was subsequently had, and the court being of opinion that it had no further jurisdiction of the cause, except to maintain the injunction against the disposal of property which belonged to an insolvents estate, directed the parties to go before the district court for

East'n. District.
*Feb.* 1825,

SYNDICS OF
MENARD
*vs.*
PIERCE & AL.

a final settlement of their rights, each paying their respective costs.

The syndics of Menard,for he too has become a bankrupt since the commencement of these proceedings, have appealed from both these decisions, and in this court have made the following points:

1. The court of probates had no jurisdiction in the matter, as it was not the bond itself which the appellees claim as their pretended property, but only the right title and interest of John Rust in the said bond that was seized in this suit.

2. The injunction was virtually dissolved by the judgment of the supreme court on the former appeal in this case; as it appears from the bill of exceptions in the same, that both the court below, and the appellees, had made the fate of the injunction to depend upon that of the judgment, which had set aside the writ itself.

3. There must be judgment in favor of the appellants on the merits of the injunction, as the allegations of the appellees, on which the same was granted, are unsupported by evidence.

I. We do not see how the jurisdiction of the court of probates was affected by the distinction attempted to be drawn between the sale of a note, payable to A. as his property, and the sale of the right, title and interest, of A. to the note. The jurisdiction which the court had, was derived from the power which all tribunals possess over the writs which they issue, and not from the species of property on which the execution was levied.

East'n. District,
*Feb.* 1825.

SYNDICS OF
MENARD
*vs.*
PIERCE & AL.

II. The second point appears to us equally untenable. The counsel has referred to a bill of exceptions in the former record, to shew that the appellees made the fate of their injunction depend on the decision to be given in the rule taken by Rust against the appellants. We have examined it, and we see nothing which supports the assertion. It states that that day being fixed for the return of the rule taken by Menard, on Wethers & Pierce requiring them to shew cause why the injunction they had obtained should not be set aside; the counsel for the latter objected to go into it, on the ground that the judgment given that day on the application of Rust, had disposed of it. Of this opinion was the court, and the counsel for Menard excepted.

East'n District,
*Feb.* 1825.

SYNDICS OF
MENARD
*vs.*
PIERCE & AL.

Now we do not see that this proves any thing, except that the decision setting aside the execution on the demand of the defendant, rendered it unnecessary to enter into an enquiry, as to the title of property seized under it. The reversal of this decree, on appeal, necessarily revived the contest, by leaving the writ in force, and consequently restored the injunction to full vigor. It never was dissolved. The necessity of using it was only suspended for a time.

III. We do not see there has been any decision on the merits. It is no where declared which of the parties has the better right to the bond. On the contrary, the judge expressly states in his decree, that if he were to give a judgment in favor of one, or other, it might work a prejudice to the creditors of Rust, and the parties were therefore sent before the court, where the *concurso* was pending.

In addition to these points, the appellants have relied much in this court on the incorrectness of the judgment of the court of probates, declaring the writ null, both in its "application and effects," when the only question before the court was, whether the plaintiff and his agents should be punished for contempt.

East'n. District.
Feb. 1825.

SYNDICS OF
MENARD
vs.
PIERCE & AL.

Perhaps the question was not, strictly speaking, at issue on that application; but we cannot reverse the judgment—for it is in evidence before us, that at the time these executions were issued and levied on the property of Rust, he had obtained a stay of proceedings from the district court, to which proceedings the plaintiff Menard was a party. Until this order, suspending judicial process against the defendant, was set aside, the plaintiff could not legally pursue him before another tribunal; and the whole proceedings were void. The same judgment would have been pronounced, before, had not the same objection of the want of capacity in Rust to stand in judgment, prevented us from examining, on his application, the legality of the proceedings.

The phraseology of the decree of the court below, is not so technical as might be desired; but it is unnecessary to reverse the judgment on that ground, as its meaning cannot be misunderstood.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be affirmed with costs.

*Seghers* for the plaintiffs, *Morse* for the defendants.